UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> APPLICATION OF DOUGLAS § <br> FREDERICK FOR ISSUANCE OF A § <br> SUBPOENA FOR USE IN A FOREIGN § <br> PROCEEDING UNDER 28 U.S.C. § 1782 § <br> § | Case No. 1-20-MC-965-RP-SH |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
 UNITED STATES DISTRICT JUDGE

Before the Court is the *Ex Parte* Application of Douglas Frederick for Issuance of Subpoena for Use in a Foreign Proceeding under 28 U.S.C. § 1782, filed September 18, 2020 (Dkt. 1). The Court issues this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1]

### I. General Background

Douglas Frederick ("Frederick"), a Texas resident, is a defendant in a civil proceeding pending in the High Court of New Zealand, Auckland Registry. *See Banks v. Farmer, et al.*, [2016] No. CIV-2016-404-57 (NZHC) ("New Zealand Lawsuit"). Pursuant to 28 U.S.C. § 1782,

---

[1] Although the District Court referred this matter for disposition under 28 U.S.C. § 636(b)(1)(A), district courts in this circuit have found that granting relief under 28 U.S.C. § 1782(a) may be considered dispositive. *See In re Caceres*, No. 1:19-mc-00405-KS-RHW, 2020 WL 2523120, at *4 (S.D. Miss. May 18, 2020) ("Granted, an application under § 1782 is not an enumerated dispositive pretrial matter under Section 636(b)(1)(A), but in looking at the nature of the proceeding, a ruling on such is dispositive insofar as the proceedings in the federal district court are concerned."), *appeal docketed*, No. 20-60463 (5th Cir. June 8, 2020); *Fagan v. J.P. Morgan Chase Bank*, No. SA-19-MC-00111-FB-EC, 2019 WL 984281, at *1 (W.D. Tex. Feb. 28, 2019) (issuing Report and Recommendation on *ex parte* application under § 1782). Accordingly, the undersigned has issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

Frederick seeks an *ex parte*[2] order from this Court to issue a subpoena to procure the testimony of Eric Nogelmeier, an employee of Zoho Corporation, an international software corporation with headquarters in Austin, Texas. In his Declaration, Frederick avers that Nogelmeier has information and knowledge that "may be relevant and material to certain of the issues in the New Zealand Lawsuit, and therefore the New Zealand Court and the parties in such case desire to procure his testimony as part of the evidence in such foreign proceeding." Dkt. 1-1 at 1. Frederick asks that Nogelmeier testify by video from his home or office in Austin, Texas, on October 4, 2020.

## II.   Analysis

"To promote international dispute resolution and comity, § 1782 authorizes federal district courts to issue discovery orders ancillary to proceedings in 'foreign or international tribunals.'" *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013). In order to obtain discovery under 28 U.S.C. § 1782(a), the applicant must demonstrate the following three requirements: (1) the applicant is an "interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the source of the requested discovery "resides or is found" in the district where the application is filed. 28 U.S.C. § 1782; *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). Frederick has satisfied all of these factors.

First, Frederick is a party to the underlying New Zealand Lawsuit, and therefore is considered an "interested person" under § 1782(a). *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.

---

[2] It is routine and proper for applications under § 1782 to be filed *ex parte*. *See, e.g.*, *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) (noting that the decision to file an *ex parte* § 1782 application "was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*"); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (noting that district courts routinely grant § 1782 applications *ex parte* because the respondent can challenge any discovery request by moving to quash the subpoena, pursuant to Rule 45(c)(3)); *Super Vitaminas, S. A.*, No. 17-MC-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) ("It is both common and proper to conduct an *ex parte* process for a request to obtain an order authorizing discovery pursuant to § 1782.").

241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . . ."). Second, Frederick seeks discovery "for use in" the underlying lawsuit pending in the High Court of New Zealand. Third, Nogelmeier is an individual who resides in this district. Thus, Frederick has met all of § 1782's statutory requirements.

A "district court is not required to grant a § 1782(a) discovery application simply because it has authority to do so." *Id.* at 264. District courts should consider the following factors when determining whether to grant the discovery: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," as "the need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant" in the foreign proceeding; (2) the nature and character of the foreign proceedings; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the requests are "unduly intrusive or burdensome." *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 902 (S.D. Tex. 2016) (citing *Intel Corp.*, 542 U.S. at 264). Here, all of these factors also weigh in support of granting the discovery. Accordingly, the Frederick's *Ex Parte* Application under § 1782 should be granted.

### III.     Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** the *Ex Parte* Application of Douglas Frederick for Issuance of Subpoena for Use in a Foreign Proceeding under 28 U.S.C. § 1782 (Dkt. 1), and **ORDER** Eric Nogelmeier to appear and testify by video on October 4, 2020, as detailed in the Subpoena attached to the Application (Dkt. 1-2).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE